IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN DUDEK, *et al.*, § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Case No. 5:24-cv-01162-XR |
| § | |
| BALFOUR BEATTY COMMUNITIES § | |
| LLC, *et al.*, § | |
| § | |
| *Defendants.* § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND**

Plaintiffs file this Reply to Defendants' Opposition and Amended Opposition [Dkts. 13 and 14] to Plaintiffs' Motion for Remand [Dkt. 11], and in support hereof respectfully show the Court the following:

Remand is required in this case because Defendants have failed to demonstrate that this Court has jurisdiction. Even if the Court chooses to look beyond the four corners of the Complaint, Defendants failed to carry their burden – both in the Notice of Removal and in the Response to the Motion for Remand – to prove the existence of enclave jurisdiction.

First and foremost, while Defendants have presented several deeds for property that comprises some of Fort Bliss and Lackland Air Force Base, there is no evidence that these deeds comprise the entirety of Fort Bliss and Lackland AFB, and, most importantly, there is no evidence that the houses at issue are located on the real property that is described in the deeds offered by Defendants. As set forth in the Motion, Fort Bliss and Lackland are among the military installations with mixed jurisdictional status. *See Motion* at Section IV.4.a.-b. (detailing the

same).  Without evidence in the record to establish that this Court could have jurisdiction, the Court must remand.

Second, Defendants have offered no evidence other than their *ipse dixit* say-so that the Federal Government accepted the cession of legislative jurisdiction and that it continues to exercise legislative jurisdiction.  *See Adams v. United States*, 319 U.S. 312, 313 (1943) ("Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.") (citing 40 U.S.C. § 255, predecessor statute to 40 U.S.C. § 3112, which requires the same).  Again, without this evidence, there is no basis for this Court exercising jurisdiction and the Court must remand.

Finally, as to Defendants' argument that the Fifth Circuit has held that at least portions of Fort Bliss are federal enclaves, the argument misses the point.  The question is not whether Fort Bliss or portions thereof qualify as a federal enclave, but whether exclusive federal legislative jurisdiction, and by extension, federal question jurisdiction, applies with respect to the portion of the enclave at issue (i.e., the portion where the housing unit is located).  The Fifth Circuit did not conclusively make such a determination in any of the cases cited by Defendants, and even if it did, this Court must re-examine the issue because the evidence in this case does not conclusively prove jurisdiction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant their Motion for Remand [Dkt. 11], and grant Plaintiffs such other and further relief, at law or in equity, as the Court deems to be just, proper, and equitable.

Dated: November 22, 2024                                      Respectfully submitted,

        **GUERRA LLP**
        875 East Ashby Place
        Suite 1200
        San Antonio, Texas 78212
        Telephone: (210) 447-0500
        Facsimile: (210) 447-0501

By:  /s/ *Francisco Guerra, IV.*
        FRANCISCO GUERRA, IV.
        State Bar No. 00796684
        fguerra@guerrallp.com
        ROBERT BRZEZINSKI
        State Bar No. 00783746
        rbrzezinski@guerrallp.com
        JENNIFER NEAL
        State Bar No. 24089834
        jneal@guerrallp.com
        BAILEY E. VANNATTA
        State Bar No. 24119113
        bvannatta@guerrallp.com
        JULIE A. MATSEN
        State Bar No. 24115654
        jmatsen@guerrallp.com

        And

        **PULMAN, CAPPUCCIO & PULLEN, LLP**
        2161 NW Military Highway
        Suite 400
        San Antonio, Texas 78213
        Telephone: (210) 222-9494
        Facsimile: (210) 892-1610

        RANDALL A. PULLMAN
        State Bar No. 16393250
        rpulman@pulmanlaw.com
        RYAN C. REED
        State Bar No. 24065957
        rreed@pulmanlaw.com

        And

        **LAW OFFICES OF JAMES R. MORIARTY**
        4119 Montrose, Suite 250
        Houston, Texas 77006
        Telephone: (713) 528-0700
        Facsimile: (713) 528-1390

JAMES. R. MORIARTY  
State Bar No. 14459000  
jim@moriarty.com

*ATTORNEYS FOR PLAINTIFFS*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as set forth below, in compliance with the Federal Rules of Civil Procedure on the 22nd day of November, 2024. using the CM/ECF system which will serve copies on the following:

Michelle R. Gilboe  
Elena D. Harvey  
LEWIS BRISBOIS BISGAARD & SMITH LLP  
Wells Fargo Center  
90 South 7th Street, Suite 2800  
Minneapolis, Minnesota 55402  
Telephone: 612.428.5000  
Facsimile: 612.428.5001  

**Counsel for Defendants**

/s/ *Francisco Guerra, IV.*  
FRANCISCO GUERRA, IV.